## SHAW *v.* GALBRAITH.

7   111
f37SC ²501

An executed conveyance without words of inheritance in the granting clause of the deed, is not enlarged by a covenant of warranty in fee-simple.

But such a covenant operates by way of estoppel to prevent circuity of action, and bars a subsequent lessee of the grantor with notice of the deed.

A widow of the grantee may defend her possession under such estoppel, her right under the act of Assembly giving her this incident to tenancy in dower.

An agreement by the grantor to convey in fee to the lessee, at the death of the grantor, who is yet living, is irrelevant evidence.

In error from the Common Pleas of Washington.

*Oct.* 29. Ejectment. Shaw, the plaintiff, showed a lease for life to himself from Galbraith, the elder, dated Aug. 12, 1846, which it was provided should have no effect upon a conveyance to Shaw in 1837.

The defendants showed a deed by Galbraith, the elder, dated July 2, 1838, conveying to Galbraith, the younger, (the words "his heirs and assigns" not being in the granting clause of the deed, or in the *habendum*,) the property in dispute in consideration of one dollar, and the payment of $30 per annum to the grantor and his wife during their lives. In the clause of warranty the deed ran thus : " And the said R. G., sen., and E., his wife, for themselves and their *heirs*, unto the said R. G., jun., and his *heirs* and assigns, and against all and every person lawfully claiming, or to claim the same, or any part thereof, will warrant and for ever defend." This deed, though styled an indenture, was sealed only by the grantor and his wife, and was in the ordinary form of a conveyance in use in this state, and was recorded in 1838. Galbraith, the younger, died before this action was commenced, one of the defendants being his widow—the title of the other defendant did not appear.

The plaintiff then offered in evidence sealed articles of agreement between Galbraith, the elder, and himself, dated in 1837, wherein Galbraith, the elder, in consideration of $300 agreed to be paid by Shaw, and of the natural love and affection he bore to his daughter, the wife of Shaw, did covenant and agree for himself, his heirs, executors, &c., that he, his executors, &c., would, at the death of said Galbraith, convey to said Shaw, his heirs, &c., by such deed as counsel should advise, the undivided half of a tract of 200 acres, whereon said Galbraith then resided. On this was endorsed a receipt for $15. Galbraith the elder was yet living.

These articles were rejected by the court, who (EWING, P. J.) instructed the jury that the deed of July conveyed a fee-*simple by* estoppel to the grantee, and plaintiff was not entitled to recover.

This ruling, and the rejection of the articles of 1837, were the errors assigned.

(NOTE.—It was not submitted that a recovery could be had for part of the land, nor could it be collected from the record what was the title of defendants, excepting that of the widow of Galbraith, the younger.)

*Acheson* and *Watson*, for plaintiff in error.

*McKennan*, contrà, argued that the warranty operated in the same manner it would have done had there been no title in the grantor at the time of the conveyance; but he had subsequently acquired one, viz. as an estoppel to prevent circuity of action; for this he cited McCracken *v.* Wright, 14 Johns. 194; Pelletreau *v.* Jackson, 11 Wend. 110; Jackson *v.* Hubbell, 1 Cow. 616; Jackson *v.* Bradford, 4 Wend. 622; Baxter *v.* Bradbury, 20 Maine, 263; Christmas *v.* Oliver, 10 B. & Cres. 181; Somes *v.* Skinner, 3 Pick. 58; and that this doctrine was *a fortiori* applicable to a grantor having title.

*Nov.* 4. ROGERS, J.—In the text-books of the law, Co. Litt. 385 b; 1 Shep. T., Prest. ed. 182, it is thus laid down: "Neither lineal nor collateral warranty can enlarge an estate; and, therefore, if a lessor by deed release to his lessee for life, and warrant the land to him and his heirs, this doth not make his estate greater, neither will it bar titles of entry or actions in cases of mortmain, consent to a ravisher, (condition on a) mortgage, or dower." Now, granting on this authority, that, in this deed, a life-estate only is granted, and that the subsequent warranty, or covenant, does not enlarge the estate, yet the question remains whether this covenant may not operate as an equitable rebutter; or, in other words, is Galbraith, and Shaw who claims under him, estopped from asserting a title to the land? In this case, it matters but little whether the estoppel operates by the ordinary effect, whereby the parties are debarred from denying the passage of the estate, or as a transfer of the estate. On this point there is much learning in the books somewhat difficult to understand, but which we are relieved from examining, as, take it as you may, if an estoppel, it is an answer to the action of the grantor, or those claiming under him, even although the fee may not have been transferred so as to ena-

ble the grantor to support an action against a stranger. On the authority above stated we will take it, and perhaps that is the better opinion, that the estate is not enlarged. Are, then, the parties debarred from denying that the estate passes? By the *habendum*, in consequence of the omission of the word "heirs," a life-estate only is conveyed to the grantee; but the deed contains a special warranty, whereby the estate is warranted to the *grantee, his heirs* and assigns, against the claim of the grantor and his heirs, and every person claiming lawfully the same. Now, although a warranty, in favour of the heirs, may not enlarge the estate, yet it would be against every principle of construction to reject it as surplusage. In the construction of a deed, or will, every word must have its own weight, and certainly a distinct covenant, as here, cannot be utterly disregarded. The deed contains a covenant that the grantor will not molest or disturb (that is its effect) either the grantee or his heirs, and if, contrary to his covenant, he recovers the land and dispossesses the grantee or his heirs, action accrues to recover its value from the grantor. The question then is, whether, to prevent circuity of action, the defendants may not plead an equitable rebuttal, or estoppel, as against the grantor and those claiming under him. Circuity of action, as my Lord Coke says, Co. Litt. 265 a, is not favoured in law. The principle is founded on this consideration, that it would be against equity to allow the grantor to recover the land, thereby breaking his covenant and exposing himself to an action to recover its value. The principle is recognised in several analogous cases. Thus, in McCracken *v.* Wright, 14 Johns. 194, and in Jackson *v.* Bradford, 4 Wend. 622, it is ruled: That, in a deed of bargain and sale, no estate passes, except what is *in esse* at the time of the grant; but where title is afterwards acquired and there is a warranty in the deed, *to avoid circuity of action* it operates as an estoppel. Where there is a warranty in the deed, the warranty will rebut and bar the grantor and his heirs of a future right. This is not, as is there said, because the title ever passes by such grant; but the principle of avoiding circuity of action interposes and stops the grantor from impeaching a title, to the soundness of which he must answer on his warranty. The same principle is also recognised in Somes *v.* Skinner, 3 Pick. 61; and in McWilliams *v.* Nisly, 2 Serg. & Rawle, 516. Without then undertaking to determine whether the fee-simple is transferred, we are of opinion that the grantor and Shaw, the plaintiff, who claims under him, are estopped from denying the title. But the plaintiff contends that none but

parties and privies can take advantage of an estoppel, and this, in general, is true; but it is extended yet further. For the lord by escheat, as is said, Co. Litt. 352 a, the tenant by the curtesy, *the tenant in dower* and the incumbent of a beneficiary, shall be barred by and shall *take advantage* of an estoppel. In this it appears that a tenant in dower may take advantage of an estoppel, and although dower here has not been assigned to the widow, yet, by our several intestate acts, she has such an interest in the land as entitles her to defend her possession by way of equitable rebutter.

The only question which remains is, was the court right in excluding the deed of Galbraith to Shaw? We think they were. We cannot perceive in what way it bears on the construction of this deed, and, besides, it conveys nothing to Shaw until after the death of Robert Galbraith, sr., who is still alive. It was then properly excluded, on the ground of irrelevancy, as it gives no present right of entry.

Judgment affirmed.