# Vetter *v.* Vetter.

*Mortgage—Affidavit of defense—Merger.*

Where a joint owner in the fee becomes the owner of an interest in a mortgage on said premises and by deed conveys all his right, title, interest, etc., and in addition uses the words " grant, bargain and sell " without reference to the mortgage, there is an implied covenant against incumbrance, and there being no express reservation or intimation of intent to reserve any interest in the mortgage in a suit on said mortgage by the grantor, an affidavit of defense is sufficient which makes the specific averment that said deed was intended and understood by the parties thereto to be a full and absolute conveyance of the interest of the grantor therein in said lands and the mortgage in suit.

Argued April 27, 1900. Appeal, No. 140, April T., 1900, by plaintiff, in a suit of Nellie Vetter, executrix and sole legatee of John J. Vetter, who was assignee of John G. Newmeyer, against Henry J. Vetter, Eliza S. Spuhler, Mary A. Maffit and Joseph Beale, terre-tenant, from judgment of C. P. No. 2, Allegheny Co., July T., 1899, No. 624, refusing judgment for

want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by BEAVER, J.

Sci. fa. sur mortgage. Before the court in banc.

It appears from the record and affidavit of defense that:

1. In 1859, John J. Vetter, Sr., died intestate, seized of the property, the subsequent mortgaging of which gives rise to this controversy, leaving to survive him his widow, Eva Vetter, and five children, to wit: Stephen A., Mary A. Maffit, Eliza S. Spuhler, Henry J. and John J., Jr.

2. In 1876, at No. 45, June term, 1876, C. P. No. 1, the widow and five children conducted a partition proceeding in equity in which the master and commissioners made return that the real estate could not be divided, and valued the same at $6,000; and ultimately the master was ordered to sell the property for one third cash, one third payable in one year, and the remaining one third payable at the death of Eva Vetter, the widow. The master, John C. Newmeyer, sold the property to John J. Vetter, Jr., for $8,025.

3. January 13, 1877, Newmeyer conveyed the property to John J. Vetter, Jr., for $8,025, and on the same date John J. Vetter, Jr., made to Newmeyer, trustee, his purchase money mortgage for $5,350, payable $2,675 on January 13, 1878, with interest payable annually, and $2,675 at the death of Eva Vetter, the widow, with interest payable annually to her during her lifetime.

4. January 15, 1877, two days later, John J. Vetter, Jr., and his wife, now the appellant herein, executed three deeds of release or quitclaim to his brother and two sisters respectively, to wit: Henry J. Vetter, Mary A. Maffit and Eliza S. Spuhler, vesting in each of them one fourth of the property, "subject to the payment of its proportion of dower of Mrs. Eva Vetter, widow of John J. Vetter, deceased, and also to the proportion of the purchase money mortgage to John C. Newmeyer, trustee, dated January 13, 1877, for $5,350."

5. March 28, 1877, after settlement of his account, Newmeyer assigned to Mary A. Maffit, Eliza S. Spuhler, Henry J. Vetter and John J. Vetter, Jr., four fifths of the mortgage, that is to say one fifth to each. The remaining one fifth of the

mortgage, being the interest of Stephen A. Vetter, under order of court was assigned at the same time to Theobald, a judgment creditor of Stephen A. Vetter. That one fifth interest was afterward paid in full and satisfied of record.

6. December 19, 1878, John J. Vetter, Jr., and his wife now appellant herein, for a consideration of $2,250, by deed in the customary form and with covenant of general warranty, conveyed all their right, title, interest, property, claim and demand in law, equity, or otherwise, howsoever, of, in and to the said premises unto Henry J. Vetter, Eliza S. Spuhler and Mary A. Maffit " subject to its proportion of dower of Mrs. Eva Vetter, widow of John J. Vetter, deceased."

7. November 13, 1889, John J. Vetter, Jr., died having by his will devised and bequeathed his estate to his wife and appointed her executrix.

8. March 23, 1894, Eva Vetter, widow of John J. Vetter, Sr., and mother of John J. Vetter, Jr., died. The interest on the mortgage payable to her during life was paid in full.

9. December 12, 1898, Henry J. Vetter, Eliza S. Spuhler and Mary A. Maffit conveyed the premises to the defendant, Joseph Beale.

The court refused judgment for want of a sufficient affidavit of defense. Plaintiff appealed.

*Error assigned* was refusal of judgment for want of a sufficient affidavit of defense.

*George P. Hamilton* and *Wm. W. Wishart*, for appellant.— Merger is altogether a question of intention; and it clearly appears from the partition proceeding after the sale by Newmeyer, trustee, from the mortgage itself and the assignment of it, and the exceptions or reservations in the deeds that it was the intention of the parties that it should not merge, but be kept alive for John J. Vetter, Jr., his heirs and assigns.

The mortgage remained upon the land by specific mention and condition, and the interest of the mortgagor, John J. Vetter, Jr., did not merge or become extinguished by operation of law, but, on the death of the widow, Eva Vetter, was recoverable from the holder of the land by Nellie Vetter, the widow and devisee of said John J. Vetter, Jr.: Dech v. Gluck,

47 Pa. 403; Duey v. Clemens, 1 Pa. 118; Updegrove v. Updegrove, 1 Pa. 136; Erb v. Huston, 18 Pa. 369;. Kline v. Bowman, 19 Pa. 24.

A mortgage does not necessarily merge or become extinct, by being united in the same person with the fee; but on the contrary, when it was the intention of the parties that it should not merge, but continue to subsist for the protection of the owner of the fee from subsequent incumbrances, it may be kept on foot: Moore v. Harrisburg Bank, 8 Watts, 138; Helmbold v. Man, 4 Whart. 410; Hatz's Appeal, 40 Pa. 209; Duncan v. Drury, 9 Pa. 332; Carrow v. Headley, 155 Pa. 96.

*D. F. Patterson* and *Wm. Scott,* for appellees.—Upon Newmeyer's assignment of four fifths of the mortgage to John J. Vetter, Jr., Henry J. Vetter, Mary A. Maffit and Eliza S. Spuhler, the four owners of the land, the mortgage to the extent of their ownership merged in the fee: Reigle v. Seiger, 2 P. & W. 340; Edwards v. Hoopes, 2 Whart. 420; Stecker v. Shimer, 5 Whart. 452; Duey v. Clemens, 1 Pa. 118; Dull's. Estate, 137 Pa. 116; Hollenberger v. Yaukey, 145 Pa. 179.

Extinguishment is the extinction of a charge or equity by its passing into the hands of the owner of the lands charged :: 3 Leading Cases, Law of Real Property, 228. It takes place when the same hand that is to receive is to pay; that amounts to extinguishment: Wankford v. Wankford, 1 Salk. 299, 305.. And the principle is fully stated and applied by GIBSON, C. J.,. in Reigle v. Seiger, 2 P. & W. 340, and Henderson v. Stryker,. 164 Pa. 170.

We do not overlook the cases which hold that merger will not arise against the intention of the parties, and that an intent to prevent a merger will be presumed whenever it appears, that a merger is against the interest of the party affected. We claim that they have no application. In this case no intention to prevent a merger appears, nor does anything appear to show that it was the interest of John J. Vetter, Jr., to prevent a, merger.

In Dech v. Gluck, 47 Pa. 403, it was held that there was no merger, solely because the contract of the parties was expressly to the contrary; and the same remark applies to Updegrove v.. Updegrove, 1 Pa. 136, Erb v. Huston, 18 Pa. 369, and Kline v. Bowman, 19 Pa. 24.

Duey v. Clemens, 1 Pa. 118, and Dull's Est., 137 Pa. 116, cited by appellant, are both distinctly against appellant's contention.

The conveyance is made by the use of the words " grant, bargain and sell," which " shall be adjudged an express covenant to the grantee, his heirs and assigns, that the grantor was seized of an indefeasible estate in fee simple, freed from incumbrance done or suffered from the grantor, as also for quiet enjoyment against the grantor, his heirs and assigns, unless limited by express words contained in such .deeds: " Act of May 28, 1715, 1 Sm..L. 94, sec. 6 ; Gratz v. Ewalt, 2 Binn. 95 ; Funk v. Voneida, 11 S. & R. 109 ; Shaffer v. Greer, 87 Pa. 370.

OPINION BY BEAVER, J., May 24, 1900 :

John J. Vetter, the common ancestor of the decedent, whose widow as executrix of his will is the plaintiff in this suit, and three of the defendants—the fourth, claiming title to the mortgaged premises from the latter, being summoned as terre-tenant —died about 1858, leaving to survive him a widow and five children. He was seized at the time of his death of a tract of land described in the mortgage upon which a sci. fa. was issued by the plaintiff and payment is now disputed by the defendants. Under proceedings in partition in the orphans' court, the land was reported as indivisible and was sold by John C. Newmeyer, trustee, to John J. Vetter, Jr., of whose will the plaintiff is executrix and under which she is sole legatee, and deed therefor executed January 12, 1877. A mortgage of same date was given by the purchaser to the trustee for two thirds of the purchase money, $5,350, one half payable January 13, 1878, and the other half at the death of Eva Vetter, the widow, with interest, payable annually to said Eva Vetter during her lifetime. January 15, 1877, John J. Vetter et ux., by separate quit claim deeds, released to Henry J. Vetter, Eliza S. Spuhler and Mary A. Maffit, each the undivided one-fourth part of said land, subject to the payment of its proportion of dower of Eva Vetter, widow of John J. Vetter, Sr., and also to the proportion of the purchase money mortgage to John C. Newmeyer, trustee, dated January 13, 1877, for $5,350. It may be well to observe here the clear and proper distinction between the dower of the widow and the purchase money mortgage which secures·

the payment thereof. March 28, 1877, John C. Newmeyer, trustee, assigned the purchase money mortgage referred to as to the one fifth part thereof each to Mary A. Maffit, Eliza S. Spuhler, Henry J. Vetter and John J. Vetter, that is to say, the one third payable in one year and the one third payable at the death of Eva Vetter, widow. The remaining fifth part of said mortgage, the interest of S. A. Vetter, was assigned to Michael Theobald, and by him satisfied May 22, 1894.

John J. Vetter, Jr., being now the owner of the undivided one fourth of the land and the undivided one fifth of the purchase money mortgage, by a deed of general warranty, dated December 19, 1878, in which his wife, the present plaintiff, joined, conveyed all their right and title to the land, being the remaining undivided one fourth, to the present defendants, subject to the payment of its proportion of the dower of Eva Vetter, widow, and these in turn conveyed the land to Joseph Beale, who is summoned as terre-tenant. Upon these facts briefly summarized, two legal questions arise and are pressed upon our attention.

1. Did the assignment of the one fifth of his own mortgage given to John C. Newmeyer, trustee, back to himself, of itself merge his interest therein in the legal estate for the undivided one-fourth part, the title to which remained in him? To this it may be answered, not of necessity or by mere operation of law. The owner of the fee could doubtless have sold his interest, subject to the mortgage, and have " kept it on foot," if he so intended: Helmbold v. Man, 4 Wh. 410 ; Moore v. Bank, 8 Watts, 138; Duncan v. Drury, 9 Pa. 332; Wallace v. Blair, 1 Gr. 75. The ground upon which the share of the recognizor, who has taken real estate under proceedings in partition is held to become merged, is that the interest is paid by operation of law the moment the title vests, and never becomes a lien (Hollenberger v. Yaukey, 145 Pa. 179), but even in such a case it has been held that an express reservation of an interest in the amount payable at the death of the widow is good : Updegrove v. Updegrove, 1 Pa. 136. It is to be remembered that the sale under which defendants claim was not a judicial sale, but was made directly by the owner of both the fee and the mortgage. And this brings us to the other question.

2. Did the conveyence by John and his wife, by deed of gen-

eral warranty, dated December 19, 1878, convey his interest in both the fee and the mortgage? If there had been any intention to keep the mortgage " on foot," as Mr. Justice KENNEDY quaintly expresses it, this was the time to make such intention manifest. In the quit claim deeds, by which he released their interests to his brother and sisters, John in express terms makes the interests released subject to the dower of the widow and to the proportion of the purchase money mortgage to Newmeyer, trustee, but in this deed there is no reference to the mortgage, which omission is in itself significant. It would be no answer to say that the widow's dower included the sum which secured it; the reservations in the previous deeds negatives such an inference.

The deed from John et ux. conveys " All their estate, right, title, interest, property, claim and demand " and, in addition, the words " grant, bargain and sell," under the provisions of the act of 1715, imply a covenant against incumbrances of which this claim is a distinct breach, unless there be an express reservation in the deed, for it is not alleged in the plaintiff's statement that there is evidence outside the deed of a reservation or intention to reserve any interest in the mortgage itself: Funk v. Voneida, 11 S. & R. 109.

3. On the other hand, the defendants in their affidavit of defense, make a specific averment that " said deed was intended and understood by the parties thereto to be a full and absolute conveyance of all the interest of the grantors therein in said lands and in the mortgage in suit."

The court below, therefore, was fully justified in holding the affidavit of defense sufficient.

Judgment affirmed.