# Cunningham *v.* McCready, Appellant.

*Mortgage—Forfeiture clause—Signing paper without reading it.*

Where a mortgage in express terms provides that the whole principal
debt shall become due in case of default in payment of interest for thirty
days, the mortgagor cannot without alleging fraud, accident or mistake,
aver as a defense that the mortgagee had agreed not to demand pay-
ment of the principal for three years, and that he had signed the mort-
gage without knowing of the forfeiture clause contained in it.

A mortgagor cannot claim to be relieved of a forfeiture for default
in payment of interest within the time specified in the mortgage, on
the ground that he did not know to whom the interest should be paid,
where it appears that he had paid the first installment of interest to a
trust company, and had received a proper receipt therefor, and that
he had drawn a check for the second installment to the same company,
and had placed it in an envelope properly addressed, but that the same
had not been mailed "through a misunderstanding or inadvertence."

*Mortgage—Attorney's commissions—Excessive commissions—Tender.*

Where an attorney for a mortgagee prepares an affidavit of claim, has
it sworn to and issues a writ of scire facias, and shortly thereafter a
tender is made of $8,000, the principal of the mortgage, and interest
thereon, and also $50.00 attorney's fee, and the tender is refused and
judgment is entered for the whole of the claim including five per cent
attorney's fee, the appellate court will modify the judgment by de-
ducting from the amount of fee all above the sum of $50.00.

Argued Nov. 8, 1907.   Appeal, No. 153, Oct. T., 1907, by
defendant, from order of C. P. No. 1, Allegheny Co., June T.,
1907, No. 691, making absolute rule for judgment for want of
a sufficient affidavit of defense in case of Michael J. Cunning-
ham v. James M. McCready.   Before FELL, BROWN, MESTRE-
ZAT, ELKIN and STEWART, JJ.   Judgment modified.

Scire facias sur mortgage.

Rule for judgment for want of a sufficient affidavit of de-
fense.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order making absolute rule for judgment
for want of a sufficient affidavit of defense.

*R. T. M. McCready,* for appellant.—This court and the Superior Court have treated the contract as being in the nature of a forfeiture, particularly where it appears that the anticipation of payment was an incidental feature of the contract and not the main object of the parties, and the more particularly where such required anticipation would be contrary to the intention of the parties : Fox v. Helmuth, 27 Pa. Superior Ct. 81 ; Nat. Sav. Fund & Bldg. Assn. v. Waters, 141 Pa. 498 ; Jones v. Scott, 209 Pa. 177 ; Noyes v. Clark, 7 Paige (N. Y.), 179 ; French v. Row, 77 Hun, 380 (28 N. Y. Supp. 849).

Where no demand is made before entry of judgment and execution, if the debtor promptly pays, or offers to pay, debt, interest and costs at maturity, the creditor cannot recover attorney's commission : Warwick Iron Co. v. Morton, 148 Pa. 72 ; Walter v. Dickson, 175 Pa. 204 ; Lewis v. Germania Savings Bank, 96 Pa. 86 ; Imler v. Imler, 94 Pa. 372 ; Commonwealth B. & L. Assn. of Lebanon v. Stroh, 12 Pa. Dist. Rep. 509.

*J. E. O'Donnell,* for appellee.—The affidavit does not specifically allege facts from which fraud, accident or mistake can be inferred, nor any act of misconduct on the part of the plaintiff inducing the defendant to execute the mortgage. His declaration that he did not read the mortgage is insufficient : Greenfield's Estate, 14 Pa. 489 ; Reilly v. Daly, 159 Pa. 605 ; Johnston v. Patterson, 114 Pa. 398 ; Lane's Appeal, 112 Pa. 499 ; Lewis v. Dunlap, 5 Pa. Superior Ct. 625.

The exercise of the power to grant relief, as in cases of forfeiture and penalties for breach of covenants and conditions, is not imperative on the court ; it ought not to be used except in cases where the defendant is likely to suffer an injury through no fault or neglect of his own : Warwick Iron Co. v. Morton, 148 Pa. 72 ; Atkinson v. Walton, 162 Pa. 219 ; Walter v. Dickson, 175 Pa. 204 ; Lewis v. Germania Savings Bank, 96 Pa. 86.

OPINION BY MR. JUSTICE BROWN, January 6, 1908 :

The mortgage on which this sci. fa. was issued was executed by the appellant on April 2, 1906, to secure to the ap-

pellee the payment of $8,000 at the expiration of three years from its date, with the privilege of paying the principal at any time during that period. The interest was payable semi-annually, with the proviso that, in case default be made in its payment for the period of thirty days after it shall become due, "the whole of said principal, debt and interest then unpaid shall thereupon become due and payable, and a writ of scire facias may be issued forthwith on said mortgage and prosecuted to judgment, execution and sale for the collection of the whole amount of said principal debt and interest thereon remaining unpaid, together with all fees, costs and expenses of such proceeding, including an attorney's commission of five per centum for the collection of the same."

The mortgage was given for the balance of purchase money. The averments in the affidavit of defense, and the supplement thereto, are that it was a condition precedent to the contract of sale, that the defendant should be allowed three years to pay the balance of $8,000, that the only other obligation to the plaintiff was the payment of interest semi-annually on the said sum, and that said condition precedent was made part of and set forth in the written contract of sale, pursuant to which the mortgage was given. The contract of sale referred to in the affidavits of defense, and made part of the same, provides: " Deferred payments to be secured by common bond and tight mortgage on the premises." A "tight" mortgage is one which allows no days of grace, or a limited number, after default in paying interest or principal before foreclosure proceedings may be begun: Anderson's Law Dictionary, 689. There is no averment in the affidavit of defense that the mortgage given was other than a "tight" one, or that the terms as to default are not the ones usually found therein; but, without regard to the contract of sale, the mortgage became the final agreement between the parties as to the terms of the payment of the balance of the purchase money, and, in the absence of fraud, accident or mistake in its execution, the mortgagor must be held to its plain terms. They are that the interest on the principal sum shall be paid semi-annually, and that on default for a period of thirty days in the payment of the same, the principal sum shall become due and payable. There is no

doubt as to what these words mean, and there is no allegation that they were inserted by fraud, accident or mistake, nor an averment of any facts from which such an inference is to be drawn. From a careful examination of the affidavits of defense, covering sixteen pages of appellant's paper-book, nothing can be gathered on this branch of the case except an averment, which, by this time, ought to be understood as unavailing, that the appellant executed the mortgage not knowing that it contained the clause as to default. His averment is that he " executed the mortgage presented to him, not knowing that the forfeiture claim was provided for or could be enforced, and relying wholly upon said contract of sale." There is no averment that the mortgagee, or anyone acting in his behalf, had misled him when he executed the mortgage, and, in referring to the agreement of sale, he seems to forget that this suit is not upon it, but upon what the law looks upon as the paper containing the final agreement of the parties to it. He simply did not read it, and for his failure to do so there is not to be imputed either fraud on the part of the mortgagee or accident or mistake in the preparation and execution of the mortgage. " If a party who can read will not read a deed put before him for execution, or, if unable to read, will not demand to have it read or explained to him, he is guilty of supine negligence, which, I take it, is not the subject of protection, either in equity or at law : " GIBSON, C. J., in Greenfield's Estate, 14 Pa. 489.

The second installment of semi-annual interest on the mortgage became due April 2, 1907. As to the contention that the scire facias was prematurely issued, nothing more need be said than that it was not issued until May 4, 1907, thirty-two days after April 2. Equally without merit is the averment that the appellant did not know—because he did not know the whereabouts of the mortgagee—to whom the interest ought to be paid, and it is difficult to understand how he could have made such an averment in view of his own admissions. When the first installment of interest became due, October 2, 1906, having previously been notified by the Allegheny Trust Company that it would then be due, he made payment to it of the interest and took its receipt therefor. In pursuance of its notice that the second semi-annual install-

ment would be due on April 2, 1907, he, on the following day, drew a check to its order for $240, duly inclosed it in an envelope addressed to the trust company, but the same was not mailed, " through misunderstanding or inadvertence." The misunderstanding or inadvertence was, of course, his own, and but for it and his failure to mail the check, he would have received a proper receipt for the interest from the agent of the appellee, whose authority he had clearly recognized in the preceding October, and which was never questioned by the appellee.

On the argument of this case our impression was that nothing was involved in it except the attorney's commissions, and that impression has since been confirmed. In all other respects the affidavit of defense is insufficient. On May 3, 1907, without notice of any kind to the appellant—to which, it may be conceded, he was not entitled—the attorney for the mortgagee prepared an affidavit of claim, had it sworn to by his client, and, on the day following, issued this writ. He had done absolutely nothing, so far as can be gathered from the record, except to prepare the affidavit and sign the præcipe, and yet, in the affidavit of claim which he prepared for his client, he alleged that five per centum on the principal was due as an attorney's commission. The fee asked for and allowed in the order for judgment was $419.33. In the tender made by the defendant of principal and interest, on May 16, 1907, before any defense was made, which tender, however, cannot under the averment in the affidavit of defense be understood as having been kept up, there was included an attorney's fee of $50.00. This the attorney for the appellee could have had at that time, and his client could have had his debt, interest and costs. The refusal of the tender was manifestly due to what counsel for appellee regarded as insufficient compensation to him. For what he had done up to that time he ought to have been content with what he was offered, for it was reasonable and fair compensation. In Daly v. Maitland, 88 Pa. 384, the scire facias on the mortgage for $14,000 was tried before a jury, and the mortgagee asked for and was allowed, under binding instructions, the whole five per cent. collection fee. In reversing the judgment and holding that two per centum was all that the court ought to have allowed

as attorney's fee, it was said by SHARSWOOD, C. J. : " It does not appear by the paper-books that there was in this case any rule for judgment for want of an affidavit of defense, though it does appear that there was no other defense than the amount of the collection fee. Had there been such a rule, the court should have decided the question, and not have sent the case to the jury. We think the learned judge below was right in refusing to leave it to the jury to determine the rate of commission, but he was wrong in instructing them to find the full amount agreed upon. Five per cent. upon $14,000, in other words $700, was far beyond what was reasonable, even in view of the fact that the defendant below had interposed a defense against the commission, and that the case might be carried by writ of error to this court. We think, even under these circumstances, two per cent. would have been an ample and liberal allowance, and the jury should have been so instructed. In general, this court will not review the exercise of a sound discretion by an inferior court upon such a question, and the presumption will always be in favor of their decision unless it is plainly excessive, or, as appears to have been the case here, founded on the mistaken idea that they had no equitable power to interpose and moderate the agreed amount." Here there was no trial, and, as the sum tendered the appellant for counsel fees was reasonable compensation for professional services rendered up to the time the tender was made, we must modify the judgment accordingly by reducing it from $8,806 to $8,436.67, with interest from July 22, 1907. As so modified it is affirmed.