The Grange Trust Company, Appellant, *v.* Shade et al.

Argued October 27, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*C. H. Whittaker,* for appellant.

*W. M. Henderson* of *Henderson & Henderson,* for appellee.

OPINION BY GAWTHROP, J., January 30, 1931:

On September 27, 1919, Edward P. Shade conveyed to his son, George W. Shade, one of appellees, a farm in Huntingdon County, took from him a purchase money mortgage for $1,750, and forthwith recorded it in that county. On August 15, 1921, George W. Shade, by deed of general warranty, conveyed this farm to Charles L. McCoy, for the consideration of $3,500. $1,750 of the consideration was paid by McCoy and the balance thereof was covered by his assumption of the mortgage above mentioned which, by agreement of the parties, was to remain a lien upon the land. No mention of the mortgage was made in the deed. On December 14, 1923, McCoy borrowed from plaintiff, appellant, $2,500 and gave it a mortgage on the above

mentioned land for that amount. On January 1, 1924,
McCoy paid Edward P. Shade $750 on his mortgage
and the interest up to that date. On January 7, 1924,
Edward P. Shade died, still owning the mortgage which
had been reduced to $1,000, and in the settlement of
his estate the mortgage was assigned to George W.
Shade, covering his share in his father's estate. The
assignment was duly noted on the record of the mort-
gage. On January 17, 1929, plaintiff entered judgment
on the bond secured by its mortgage against McCoy,
and under it the mortgaged premises were sold to it
at public sale by the sheriff and a deed was delivered
therefor. On February 16, 1929, George W. Shade
entered judgment on the bond accompanying his mort-
gage and an execution was issued thereon. Where-
upon, appellant filed a bill in equity against him and
the sheriff of the county, praying for an injunction to
restrain further proceedings upon the execution. This
is an appeal by plaintiff from a final decree dismissing
the bill.

The contention of appellant is that by the covenant
of general warranty and the covenant for quiet en-
joyment arising from the words ''grant, bargain and
sell'' in the deed from George W. Shade to McCoy,
the former is estopped from proceeding upon his bond
and mortgage to sell this real estate; that the title
which he gave to his grantee McCoy is paramount to
any that he could acquire under an encumbrance exist-
ing against the property at the time he sold it, and
against which he covenanted to defend. Reliance is
placed upon the rule of law followed in George v.
Brandon, 214 Pa. 623; Waslee v. Rossman, 231 Pa.
219; Shaffer v. Greer, 87 Pa. 370, and kindred cases.
As stated in Waslee v. Rossman, supra, it was held
in George v. Brandon, supra, ''that the grantor in a
general warranty deed is bound by the warranty, and
cannot, as against the grantee, acquire title to the land

in a proceeding on a mortgage which was a lien on it at the date of the deed." It is well settled that under the Act of May 28, 1715, 1 Smith's Laws 94, Sec. 6, the words "grant, bargain and sell" in a duly recorded fee simple deed amount to a covenant to the grantee that the grantor has done no act or created any encumbrance whereby the estate granted by him might be defeated, and also to a covenant for quiet enjoyment against the grantor, his heirs and assigns, unless limited by express words contained in the deed. See Waslee v. Rossman, supra. But it is equally well settled that a grantee under such a deed may be estopped from invoking the protection of the covenants in the deed against the encumbrance. This principle was recognized in Waslee v. Rossman, in which the Supreme Court considered the question whether, notwithstanding the covenants, there was enough in the evidence to justify submission of the question whether the parties mutually understood and agreed that the plaintiff was to hold the mortgage as a subsisting encumbrance against the real estate conveyed to the defendant.

In Johnston v. Markle Co., 153 Pa. 189, one of the inquiries was whether the covenant implied from the words "grant, bargain and sell" ought, as between the vendors and vendees, to be enforced in a court of equity. In discussing the question, the Supreme Court said: "If the vendees were not misled, but bought with knowledge of the encumbrance and provided a mode for indemnifying themselves against it as part of the contract of purchase, then they have no equity that entitles them to relief at the hands of a chancellor ...... The evidence ...... is sufficient to show that the existence of the mortgage was well understood."

In the case at bar there was no breach of covenant giving McCoy a right of action against his grantor, because there was an express understanding and agree-

ment that McCoy was taking title subject to the Shade mortgage which he assumed to pay as part of the consideration. Parol evidence was admissible to prove that at the time the deed to McCoy was executed he assumed the mortgage as part of the consideration paid his grantor. That such evidence is sufficient to overcome the effect of the covenant as prescribed by the Act of 1715, supra, was recognized by Mr. Justice Sharswood in Shaffer v. Greer, supra, in which it was held that it was not error to reject the offer of certain parol evidence, because it did not amount to an offer to prove that the grantee assumed the payment of a lien on the property as part of the consideration in the deed.

In Buckley's Appeal, 48 Pa. 491, it was held that parol evidence was admissible that at the time of the sale the purchaser agreed to pay certain mechanics' liens which were upon the property when the conveyance was made, but which were not mentioned in the deed. The court said: ''The rule excluding parol evidence to contradict or alter a written instrument does not prevent giving parol evidence of a consideration not mentioned in a deed, if it be not directly inconsistent with that expressed.'' See also Miles v. Waggoner, 23 Pa. Superior Ct. 432, referring to numerous decisions in Pennsylvania upon this question.

As it is clear that McCoy bought subject to the mortgage, he could not have invoked the covenants in his deed as a protection against it. Appellant stands in his shoes. If McCoy could not rely upon the covenants of general warranty and quiet enjoyment in his grantor's deed for protection against the mortgage, neither can appellant, his mortgage creditor. There is evidence in the record, and the chancellor found, that before appellant made its morgtage loan to McCoy its cashier and treasurer learned that Mc-

Coy owed George W. Shade $1,000 on his mortgage. But it is unnecessary to predicate anything upon this finding. The mortgage was duly recorded and indexed and unsatisfied. This was constructive notice to appellant when it made the loan to McCoy.

On the whole case, we conclude that the learned chancellor rightly decided that the appellee, George W. Shade, was not estopped from proceeding upon the bond secured by his mortgage on the real estate here involved, and that no equity arose in favor of appellant which entitled it to the injunction prayed for.

The assignments of error are overruled and the decree is affirmed at appellant's costs.