PARSONS *v.* LITTLE *& a.*

66    339
66    620

When, after the foreclosure of a first mortgage, the mortgagor purchased the premises from the mortgagee for a stipulated price, which he afterwards paid, and then, by an agreement between the mortgagor and his wife, a deed was made by the mortgagee directly to her, to go on a debt then due her from her husband of a larger amount than the value of the premises, the wife does not thereby acquire a title which she can set up against a second mortgagee who was not made party to the foreclosure proceedings.

WRIT OF ENTRY, to foreclose a mortgage upon premises in Colebrook. Facts found by a referee. The mortgage was made March 4, 1879, by the defendants, to George Aldrich, the plaintiff's father, to secure a note, signed by J. D. Little, for $204.10. George

Aldrich has since died, and the plaintiff is his sole heir at law. The defendant, Persis Little, is the wife of Joseph D.

At the time the note and mortgage were given, the premises were subject to three prior mortgages given by the defendant, Joseph D., at different times, in which his wife joined, releasing dower and homestead,—the first to Elijah Stuart, the second to A. S. Eustis & Co., the third to Eben Corey & Co.

Mrs. Little joined in the mortgage to Aldrich, as well in the granting portion as in all the covenants, although she at the time had no legal interest in the premises except her inchoate right of dower and homestead, which she expressly released.

In 1880, Stuart commenced a suit to foreclose his mortgage. Corey, upon learning of that proceeding, bought up the Stuart mortgage and also the Eustis mortgage, paying those parties the amount of their several debts. Stuart's suit to foreclose was subsequently prosecuted to judgment by Corey. Upon the writ of possession issued on that judgment, Corey was duly put in possession of the premises, and thereupon executed a lease of the same to the defendant, Joseph D. Little, for one year, at the rent of $15 per month. Little occupied the premises under this lease, paying the stipulated rent, until February 19, 1886, when a bargain was concluded between the parties whereby J. D. Little was to pay Corey $769.96 for the premises ; and three notes, signed by Little, for $256.65 each, payable in one, two, and three years, respectively, from date, were given by him to Corey for the purchase price, and a bond was given by Corey to Little conditioned for the conveyance to him by "a good and sufficient warranty deed of said premises," upon payment of said notes, and Little and his wife continued in occupation of the premises, which consisted of a small dwelling-house and a shop, the same as before.

Little made some payments on the notes from his own earnings and from a pension he received about this time, and some time before November 21, 1888, the shop was burned, and he paid Corey the remainder of the notes from the insurance money.

Little married his wife, the other defendant, in May, 1870. She had at that time about $400 or $500 of her own earnings, which she let her husband take to use in his business. No note, or other evidence of or security for the debt, was given by him to her for the money, and it is doubtful if there was any very distinct understanding between them as to its repayment; but it is found that the transaction amounted to a loan of the money by her to him, and constitutes a valid, subsisting debt against him in her favor.

Some time afterwards her father died, and she received from his estate about $400, which she let her husband have in the same way; and it is found that on the 21st day of November, 1888, Little was honestly indebted to his wife in a sum considerably greater than the whole value of the demanded premises.

After the debt to Corey was fully paid, as above, the defendants

Little and his wife, agreed together that the deed from Corey should be made to Mrs. Little as a payment so far upon the debt from him to her, arising as above set forth.    In pursuance of this arrangement, to which Corey assented, a quitclaim deed of the premises was executed, and delivered by Corey to Mrs. Little, who now claims to hold the premises free and clear from the plaintiff's mortgage by virtue of her deed from Corey; and the question whether she is legally entitled so to hold is respectfully submitted to the court.

*T. F. Johnson*, for the plaintiff.

*Parsons & Madden*, for the defendants.

ALLEN, J.   The foreclosure of the three prior mortgages by Corey put the plaintiff's mortgage in abeyance, but did not discharge or annul it.   The plaintiff was not made a party to the foreclosure proceedings, and never relinquished her mortgage nor the debt secured by it; and when Corey, after his foreclosure proceedings had given him a title to the premises, bargained and sold the premises to Little for a stipulated price, which was paid him by Little, the plaintiff was let in with her mortgage, which operated as fully as if there had been no prior mortgages.   Having purchased the property of Corey after the foreclosure of his mortgages, and paid for it in full, and being in possession, the title, without a formal conveyance, was equitably in Little, and enured to the benefit of the plaintiff as subsequent mortgagee.   Whether the transaction be regarded as one in which Little paid off the prior incumbrances thereby letting in the plaintiff, or as a purchase outright by Little of Corey after his foreclosure became complete, the effect is the same.   In the one case, the plaintiff's mortgage is let in by a removal of the bar made by the foreclosure of the prior mortgages, or, in the other case, by the title acquired by Little after foreclosure enuring by estoppel to the benefit of the plaintiff.

The conveyance by Corey to Mrs. Little was at her husband's request after he had purchased and paid for the land, and was for the purpose of paying a debt to his wife. If by Little's payment to Corey and his purchase of the land he became the equitable owner, and thereby his title enured beneficially to the plaintiff, the subsequent conveyance of the legal title to Mrs. Little by Corey, at Little's request, did not change or destroy the plaintiff's rights. The conveyance was, in legal effect, the same as if, on receiving payment for the land, Corey had conveyed it to Little, and he, in consideration of his indebtedness to his wife, had conveyed it to her.   And in such a case, the mortgage having revived by Little's purchase and continued possession, the conveyance to his wife must be subject to the plaintiff's mortgage.

Whether, if the title to the land, equitable and legal, had come

directly from Corey to Mrs. Little, she would have been estopped, being a married woman, by her deed with her husband to the plaintiff, it is not necessary to consider. Taking the equitable title through her husband, who had paid the prior incumbrances, she takes it subject to the plaintiff's mortgage.

*Judgment for the plaintiff.*

BINGHAM, J., did not sit: the others concurred.