# George *v.* Brandon, Appellant.

*Deed—Covenant—General warranty—Husband and wife.*

Where a wife joins in a general warranty deed with her husband, for land belonging to the husband, for the purpose of conveying her right of dower, she is bound by the covenant of general warranty, and she cannot acquire title to the land in proceedings on a mortgage which was lien on it at the date of the deed, so as to set up such title against the grantee in the deed.

Argued Feb. 13, 1906.    Appeal, No. 252, Jan. T., 1905, by defendants, from judgment of C. P. Schuylkill Co., Nov. T., 1902, No. 319, on verdict for plaintiff in case of Mary P. George v. Lloyd T. Brandon, and Nellie F. Brandon, his Wife, and J. H. Reichenderfer and Hilda Reichenderfer.   Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Ejectment for land in East Union township.   Before MARR, J.

The facts are stated in the opinion of the Supreme Court.

The court charged in part as follows :

[The plaintiff contends that Brandon and his wife, having passed title to this property to William P. George, who was the grantor to the plaintiff in this case, that he cannot afterwards come in and purchase an outstanding title ; so far as the record goes he had been paid in full for the value of this property, and they claim, notwithstanding these incumbrances which existed as issued by Nelson F. Brandon in 1866, that under all the evidence in this case, after he purchased this outstanding title, which was acquired by virtue of this mortgage, that the purchasing of that title would inure to the benefit of his grantee, who was William P. George, and inuring to William P. George, it would, as a matter of law, inure to the plaintiff or his grantee, who is the plaintiff in this case.   So far as the record appears in this case, we feel it our duty to sustain this contention of the plaintiff.] [2]

[As I have intimated in the opening remarks, that the case is not free from some doubt, but as I look upon it, under the

evidence which has been admitted in this case, Lloyd T. Brandon and wife having sold this property with a general warranty to William P. George, the grantor of the plaintiff in this case, and that deed having set forth that the consideration of $5,000 was paid in full, with no reservations in it in reference to any incumbrances, it seems to me that if Lloyd T. Brandon afterwards obtained the title to that property by virtue of incumbrances, which existed prior to his title, although he was not the maker of that incumbrance, yet he, procuring the title through a sheriff's sale by virtue of that prior incumbrance, that he ought to be held to make good his warranty, and he cannot purchase that to the detriment of his grantee.    Viewing it in that way, he and his wife should be held to their warranty.    Whilst it is true in this case the wife becomes the subsequent purchaser, not Brandon himself, but his wife having joined in a deed, which was duly acknowledged, as provided by the act of assembly, she ought to be held to her warranty, as implied in the deed from her and her husband to William P. George, who was the grantor to the plaintiff in this case, especially since the act of 1893 and possibly before that, she having acknowledged this deed.] [3]

[With that view of it, and under that state of facts, it seems to me that so far as the evidence has been offered in this case, the plaintiff is entitled to recover, and we direct you to render a verdict for the plaintiff for the property in controversy as described in the writ with six cents damages and costs.] [4]

Verdict and judgment for plaintiff.    Defendant appealed.

*Errors assigned* were (2–4) above instructions, quoting them.

*H. O. Bechtel,* with him *W. L. Kramer* and *J. F. Whalen,* for appellants.—Where a wife joins her husband in a deed of his land, she is not a party to the deed except for the purpose of releasing her dower in the estate conveyed.    And she is not estopped by covenants in deed from setting up subsequent title acquired by her own means: Blain v. Harrison, 11 Ill. 384; Strawn v. Strawn, 50 Ill. 33; Snoddy v. Leavitt, 105 Ind. 357 (5 N. E. Repr. 13) ; Raymond v. Holden, 56 Mass. 264; Jackson & Vanderheyden, 17 Johns. 167; Paul v. Kunz, 188 Pa. 504; Houseman v. Grossman, 177 Pa. 453; Stivers v. Tucker,

126 Pa. 74; Hughes v. Torrence, 111 Pa. 611; Klein v. Caldwell, 91 Pa. 140; Dean v. Shelly, 57 Pa. 426; Fellbush v. Stevens, 15 W. N. C. 237; Gibbs v. Tiffany, 9 Pa. Superior Ct. 406; Chambers v. Spencer, 5 Watts, 404; Hardy v. Mills, 13 W. N. C. 79; Weigle v. Mercer, 1 Pa. Superior Ct. 490; Buchanan v. Hazzard, 95 Pa. 240; Davison's Appeal, 95 Pa. 394.

*Guy E. Farquhar*, with him *Otto E. Farquhar* and *George W. Ryon*, for appellee.—When a person conveys land in which he has no interest at all or has a defective title, but afterwards obtains the better and undoubted title to the premises thus conveyed, the entire title passes to his grantee under the first conveyance and this upon principles of common honesty and justice: Brown v. McCormick, 6 Watts, 60; Wolf v. Goddard, 9 Watts, 544; Cleary v. Kennedy, 16 W. N. C. 313.

Where there is a covenant of general warranty in fee simple in a deed, the party making such warranty is estopped from setting up title against the grantee: Logan v. Neill, 128 Pa. 457; Shaw v. Galbraith, 7 Pa. 111; Knowles v. Kennedy, 82 Pa. 445.

It may be conceded that prior to the act of 1893, a married woman could not make such a contract of warranty as would bind her, but since the act of 1893 her powers and rights have been greatly enlarged: Hagenbuch v. Phillips, 112 Pa. 284; Wasserman v. Carroll, 2 Pa. Superior Ct. 551; Jobe v. Hunter, 165 Pa. 5; Kuhn v. Ogilvie, 178 Pa. 303.

If defendant is setting up title to this property against a grantor of her husband she must then show that she paid for it with her own money or that it was a gift from some other person than her husband: Jack v. Kintz, 177 Pa. 571; Hunter v. Baxter, 210 Pa. 72.

OPINION BY MR. JUSTICE BROWN, April 16, 1906:

Lloyd T. Brandon, the husband of Nellie F. Brandon, became the owner of the land in controversy by deed from Oliver P. Bechtel and wife, dated November 6, 1889. On July 6, 1866, Nelson Brandon, who then owned the land, executed a mortgage on it to Thomas J. Brode for $6,000. When Lloyd T. Brandon acquired title to the property this mortgage was a

lien upon it.  On March 6, 1895, he and his wife, Nellie F. Brandon, conveyed the property, still so encumbered, to William P. George, who subsequently conveyed it to Mary P. George, the appellee.  The deed from the Brandons to George was one of general warranty.  On an execution issued upon a judgment obtained on the mortgage for $6,000 the property was sold by the sheriff on November 13, 1897, to James J. Dull, who on February 14, 1898, conveyed it to Nellie F. Brandon, the appellee, one of the grantors to the grantor of Mrs. George. By virtue of this deed she subsequently evicted the plaintiff, Mary P. George, the grantee of William P. George, to whom Nellie F. Brandon and her husband, Lloyd T. Brandon, had given a general warranty deed for the property.  After she evicted Mrs. George she sold the property to John H. Reichenderfer, the other appellant.

If Lloyd T. Brandon, the husband of Nellie F. Brandon, had acquired title to the property after it had been sold by the sheriff on the judgment obtained on the mortgage, which was an encumbrance upon the property at the time he sold it to George, and he had evicted the plaintiff, who held his general warranty that he would defend her " against all and every other person or persons whomsoever lawfully claiming, or to claim," the premises, no question could be raised that the title so acquired by him would be worthless as against the appellee.  If a stranger had purchased the premises, the remedy of the plaintiff would have been an action against Brandon on the covenant, but if he, her own grantor, had acquired the title in proceedings on an encumbrance against the property which he had sold under his covenant of general warranty, he could not have recovered it from her.  The title which he gave to her grantor would be paramount to any that he could acquire under an encumbrance existing against the property at the time he sold it, and against which he covenanted to defend.

The question before us is whether Nellie F. Brandon is estopped from setting up her deed from Dull against the appellee.  She joined in the deed to George containing the covenant of general warranty.  If, instead of having been the wife of Lloyd T. Brandon, she had at that time been his sister—an unmarried woman—the covenant would bind her as it binds him, and what he could not do in the face of it, she could not

do. But she now contends that because she was his wife at the time they conveyed to George, she is not bound by her covenant. There was a time when she could have said this and have done what she is now trying to do. That was when a married woman was incapable of making a contract of covenant, and, upon being confronted by one that she had entered into in the most solemn form, could have pleaded her coverture as a discharge from it, however equitable and just it might have been. That was when the common law fetters upon her had not been removed.

In 1895, when Nellie F. Brandon executed the deed to George, she had the same right and power as an unmarried person to acquire, own, possess, control, use, lease, sell or otherwise dispose of any property of any kind, real, personal or mixed, either in possession or expectancy, and could exercise the said right and power in the same manner and to the same extent as an unmarried person, except that she could neither mortgage nor convey her real property, unless her husband joined in the mortgage or conveyance, and could not become accommodation endorser, maker, guarantor or surety for another. By the act of June 8, 1893, the capacity of a married woman to contract as broadly as one unmarried became the rule, and her incapacity is the exception, limited to the mortgaging or conveying of her real estate, unless her husband joins, and to her inability to become accommodation endorser, maker, guarantor or surety for another. Except as so limited, she may do what her husband can do, and when she does what she has power to do she is bound by her act.

Nellie F. Brandon was not bound to join in the deed to George. All the interest of her husband would have passed to the grantee, if he alone had executed the deed. She had an inchoate right of dower, which was an expectancy to her, if she should survive him. If she had not joined in the deed and had died before her husband, the latter's grantee would have acquired the whole estate, for there would have been no dower. But she did join in the deed for the purpose of conveying her right of dower—a right as to which she could contract by the express words of the act of 1893. Having so contracted, she is bound by the covenant which is an essential part of her contract, from which she cannot be relieved, because it does

not come within either of the exceptions to her power to contract.

Our attention has been called to a number of authorities deciding that, where a wife joins her husband in a deed of his land, she is not a party to the deed, except for the purpose of releasing her dower in the estate conveyed, and is not estopped by covenants in a deed from setting up subsequent title acquired by her own means. It is a sufficient answer to this to say that there was no evidence that Mrs. Brandon acquired title from Dull by her own means. But we do not rest our decision upon this. We base it upon her power to contract under the act of 1893.

Judgment affirmed.