STATE EX REL. HARNDEN, RESPONDENT, *v.* CRAWFORD, SHERIFF, APPELLANT.

(No. 4,142.)

(Submitted April 15, 1920. Decided May 24, 1920.)

[189 Pac. 1119.]

*Husband and Wife—Divorce—Mortgages—Foreclosure—Right of Divorced Wife to Redeem.*

1. *Held,* that a divorced woman has no right to redeem lands which belonged to her former husband and which were sold under mortgage foreclosure, though at the time the mortgage was executed she was the wife of the mortgagor, joined in its execution as well as that of the note secured by it, and was a party defendant in the foreclosure suit.

*Appeal from District Court, Chouteau County; John W. Tattan, Judge.*

PROCEEDING by the State, on relation of Emery D. Harnden, for writ of *mandamus* against Merritt Flanagan, as Sheriff of Chouteau County.   From a judgment issuing a peremptory writ defendant appeals.   Affirmed.

*Mr. A. G. Waite* and *Mr. W. S. Towner,* for Appellant, submitted a brief; *Mr. Waite* argued the cause orally.

Section 6839, Revised Codes, prescribes the steps necessary to be taken by a redemptioner.  Judgment debtors and their successors in interest do not come within the class termed "redemptioners," and therefore are not required to follow the demands of section 6841 in making redemption.  (*Yoakum* v. *Bower,* 51 Cal. 539; *Phillips* v. *Hagart,* 113 Cal. 552, 54 Am. St. Rep. 369, 45 Pac. 843; *Leet* v. *Armbruster,* 143 Cal. 663, 77 Pac. 653.)   A tender to the sheriff of the amount necessary for redemption is the only act required by the statute in order that the judgment debtor may redeem.   (*Hershey* v. *Dennis,* 53 Cal. 77; 2 Freeman on Executions, sec. 271a.)   A judgment debtor is not a "redemptioner" as defined in subdivision 2 of section 6837.   (*Calkins* v. *Steinbach,* 66 Cal. 117, 4 Pac. 1103.)

The right of redemption is guaranteed to a judgment debtor by the provisions of section 6837, and such redemption by him may take place, though no certificate of redemption be issued by the sheriff.   (*Phillips* v. *Hagart,* 113 Cal. 552, 54 Am. St. Rep. 369, 45 Pac. 843; *Leet* v. *Armbruster, supra.*)   A tender by the judgment debtor of the amount necessary to redeem "is a redemption," though the tender may have been refused. (Cases above cited.)   No present interest in the property sold by the sheriff need be shown in the judgment debtor to entitle him to redeem.   (*Lorenzana* v. *Camarillo,* 45 Cal. 125; *Yoakum* v. *Bower, supra.*)   The right to redeem springs from the fact of having executed the notes and mortgage; and it is no concern to the mortgagee whether or not the mortgagor in point

of fact has a valid title to the mortgaged premises or any part thereof. (*Lorenzana* v. *Camarillo*, and *Yoakum* v. *Bower*, *supra*.) It is the contention of the relator that the redemption or attempted redemption on the part of Ora Lester was ineffectual, for the reason that her rights in the lands of her former husband had been cut off by divorce proceedings. Ora Lester is not seeking to redeem as the wife or former wife of Harry Schaeffer; she is not seeking redemption to protect an inchoate right of dower,—she seeks to redeem as a judgment debtor. And we submit that such right is given her by the provisions of section 6837, Revised Codes.

The tender by the judgment debtor of the amount necessary to redeem is a redemption though the tender may have been refused. The trial court held that Ora Lester had not complied with the statutory provisions entitling her to redeem because she had not filed the certificates, *etc.*, required of a "redemptioner." We submit that the statute makes two classes of persons who may relieve property from a sheriff's sale, *viz.*: A judgment debtor and a redemptioner. We do not claim to be a redemptioner as that term is used in the statute, and hence are not required to comply with the provisions of section 6841. (*Phillips* v. *Hagart*, 113 Cal. 552, 54 Am. St. Rep. 369, 45 Pac. 843.)

*Messrs. Stranahan & Stranahan* and *Mr. C. W. Wiley*, **for** Respondent, submitted a brief; *Mr. F. E. Stranahan* argued the cause orally.

A "judgment debtor" necessarily means a judgment debtor who has an interest in the whole or any part of the property. Now, if the divorced wife, Ora Lester, is such a judgment debtor, or is entitled to redeem under section 6837, Revised Codes, then, if she be allowed to redeem as contended for by the appellant, she would be "restored to her estate." In other words, as the divorced wife of Harry Schaeffer, in whose name the land stands, she has absolutely no interest in the land, and should she be allowed to redeem as the appellant contends, she

would be allowed "to be restored to her estate" when she has no estate to be restored to, an absurdity that needs but to be stated to carry with it its own refutation. (*Marcellus* v. *Wright,* 51 Mont. 559, 154 Pac. 714, 715.) In that case the court, speaking of a wife who had joined in a mortgage on her husband's land, declared that she was not a judgment debtor as that term is defined in the statutes. The court further declares as follows: "As wife of the mortgagor plaintiff did not redeem and could not." The court further declares that the term "judgment debtor," as used in section 6837, Revised Codes, "refers exclusively to the debtor whose land was subject to forced sale." This decision is fortified by an abundance of decisions from other courts of last resort.

A divorced wife has no interest in the realty of her husband. (*Billan* v. *Hercklebrath,* 23 Ind. 71.) A bill to redeem cannot be maintained by a person not having any title to the mortgaged premises. (*Purvis* v. *Brown,* 39 N. C. 413.) The complainant should show that she has an interest in the equity of redemption, and the character and duration of the interest. (17 Ency. Pl. & Pr. 968 (3).) A prerequisite to the right of a person to maintain a suit to redeem is that he have a definite interest in the premises which are to form the subject of redemption even though his interest attach to a portion only, and though he is merely subrogated to the rights of the owner. (17 Ency. Pl. & Pr. 949 Ill. (1); *Maynard* v. *Hill,* 125 U. S. 190, 31 L. Ed. 654, 8 Sup. Ct. Rep. 723 [see, also, Rose's U. S. Notes].) A person who has lost, forfeited or repudiated his title to mortgaged premises, or his lien thereon, can no longer assert a right to redeem from the mortgage or sale. (27 Cyc. 813; *Smith* v. *Austin,* 11 Mich. 34; *Connecticut Mutual Life Ins. Co.* v. *King,* 72 Minn. 287, 75 N. W. 376; *Shields* v. *Russell,* 142 N. Y. 290, 36 N. E. 1061.) One who has no interest in the premises, but is only a volunteer, cannot maintain a suit for redemption. (17 Ency. Pl. & Pr. 955 (2); *Horn* v. *Indianapolis Nat. Bank,* 21 Am. St. Rep. 245, note.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This proceeding in *mandamus* was instituted by Emery D. Harnden to compel the sheriff of Chouteau county to issue to him a deed for certain real property sold under a decree of foreclosure and purchased by Harnden. It is alleged in the [1] application that, after the expiration of one year from the date of sale, relator made demand upon the sheriff for a deed, but the demand was refused; that the property had not been redeemed; and that relator is the owner and holder of the certificate of sale. The sheriff attempted to defend upon the ground that one Ora Lester, the former wife of the mortgagor of the premises, had within the year after sale tendered the amount necessary to effect a redemption; that, at the time the mortgage was executed, Ora Lester was the wife of the mortgagor and joined with him in executing the notes, the payment of which was secured by the mortgage. The trial court sustained a demurrer to this answer and rendered judgment that the peremptory writ issue. From that judgment this appeal is prosecuted.

There is presented for determination the question: Has a divorced woman such an interest as entitles her to redeem lands which belonged to her former husband and which were sold under mortgage foreclosure, by virtue of the fact that she was the mortgagor's wife at the time the mortgage was executed and joined him in executing it and the note secured by it, and was a party defendant in the foreclosure suit? The inquiry is answered in the negative by the decision of this court in *Marcellus* v. *Wright*, 51 Mont. 559, 154 Pac. 714, and upon the authority of that case the judgment herein is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HURLY, MATTHEWS and COOPER concur.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.