STOCKMEN'S NATIONAL BANK OF FORT BENTON, APPELLANT, *v.* SUTHERLAND, RESPONDENT.

(No. 5,549.)

(Submitted September 23, 1924.   Decided November 8, 1924.)

[230 Pac. 369.]

*Mortgages — Foreclosure — Public Lands—Homesteads—Title Acquired After Execution of Mortgages Inures to Mortgagee.*

1. Where defendant in foreclosure action had executed a promissory note secured by a mortgage upon a desert land entry which, after final certificate had been issued to him, was canceled, whereupon he entered the land as a homestead and received patent, the lien of the mortgage on the desert entry attached to the homestead entry and defendant was estopped, under section 8255, Revised Codes of 1921, to claim the benefit of section 2296, U. S. Revised Statutes, providing that lands acquired under the homestead laws shall not in any event become liable to the satisfaction of debts contracted prior to issuance of patent.

———

1. Exemption of homestead from execution, see note in 87 **Am. Dec.** 273.

*Appeal from District Court, Chouteau County; John W. Tattan, Judge.*

ACTION by the Stockmen's National Bank of Fort Benton against Arthur B. Sutherland. Judgment for plaintiff for less than prayed for and it appeals. Modified and affirmed.

*Messrs. Stranahan, Towner & Lynch,* for Appellant, submitted a brief; *Mr. W. S. Towner* argued the cause orally.

*Mr. Arthur L. B. Sutherland, pro se,* submitted a brief and .argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

This is an action to foreclose a mortgage. The cause was submitted to the court upon an agreed statement of facts, from which it appears that on January 9, 1909, the defendant Sutherland made a desert land entry in the United States land office at Havre, covering the southwest quarter of section 5 in township 26 north, range 9 east, in Chouteau county. On March 2, 1914, the defendant and his wife, now deceased, executed and delivered to the plaintiff a note for $1,071.92, due one year after date, bearing interest at ten per cent per annum, and at the same time, as security therefor, executed and delivered to the plaintiff a mortgage covering the above land, which contained covenants of seisin and warranty. No part of the note has been paid, except the interest thereon down to July 2, 1915. On March 4, 1914, the defendant made final proof upon said desert land entry, which was accepted by the government, and on May 14, 1914, final certificate issued to the defendant therefor. Thereafter the government of the United States instituted proceedings for the cancellation of said desert land entry, which resulted in the cancellation thereof on May 17, 1916. Subsequent to the cancellation of this entry the defendant made application, under the Act of March 4, 1915, for leave to make proof on the land embraced in said entry as a homestead, which application was granted, and on June 15, 1921, after due proof had been made, a government patent therefor, as a homestead, was regularly and

duly issued to the defendant, who continued to be the owner thereof down to the time of the trial. It was further agreed that the mortgage in question was made in perfect good faith, without collusion or design to avoid the law against alienation, and it was stipulated that either party might avail himself at the trial of any estoppel shown by the records, whether the same was pleaded or not.

Upon these facts, the court found that the plaintiff was entitled to judgment against the defendant for the sum of $1,071.92, with interest thereon at the rate of ten per cent per annum from July 2, 1915, but that the plaintiff had no valid lien upon the lands embraced in said homestead entry under the mortgage, and gave judgment in favor of the plaintiff for the amount of the note, interest and attorneys' fees, but denied a foreclosure of the mortgage. From this judgment the plaintiff has appealed.

The only question presented for consideration is whether the [1] title to the land in question, which the defendant Sutherland acquired under the homestead patent issued to him on June 15, 1921, inured to the benefit of the plaintiff under its mortgage.

To sustain the decision of the trial court, the defendant relies upon section 2296, United States Revised Statutes (8 Fed. Stats. Ann., 2d ed., p. 575; U. S. Comp. Stats., sec. 4551), relative to lands acquired under the federal homestead laws, which is as follows: "No lands acquired under the provisions of this Chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor."

The plaintiff, however, asserts that the defendant is estopped from claiming the benefit of the above-quoted section, since the mortgage was valid when executed, and relies upon section 8255, Revised Codes of 1921, which reads as follows: "Title acquired by the mortgagor subsequent to the execution of the mortgage inures to the mortgagee as security for the debt, in like manner as if acquired before the execution."

An identical question was before this court in the recent case of *Lohman State Bank* v. *Grim*, 69 Mont. 444, 222 Pac. 1052, in which the facts were, in legal effect, the same as those presented here. After a consideration of the authorities, this court held that, when a note signed by a husband and wife was given to obtain money for the purchase of a team of horses, and the same was secured by a mortgage upon the husband's homestead entry, and thereafter, before title thereto was perfected by the husband, the parties were divorced, the husband abandoned the homestead entry, relinquishing the same to the United States, and the wife subsequently entered it as a homestead under the laws of the United States, and obtained title thereto, the lien of the mortgage attached to the land so acquired by her, and she was estopped from claiming the benefit of the provisions of section 2296, *supra*. The ruling in that case is decisive of this, and renders further discussion of defendant's contention unnecessary.

This cause is remanded to the district court of Chouteau county, with directions to modify the judgment heretofore entered, so as to declare that the mortgage set out in the plaintiff's complaint is a valid and subsisting lien upon the land therein described, and to order a sale thereof for the satisfaction of the amount of plaintiff's claim, as determined by said judgment. When so modified, the judgment will stand affirmed. The plaintiff will recover from the defendant the costs of this appeal.

*Modified and affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES RANKIN and HOLLOWAY concur.