GRASSWICK, APPELLANT, *v.* MILLER, RESPONDENT.

(No. 6,305.)

(Submitted April 18, 1928.   Decided May 11, 1928.)

[267 Pac. 299.]

*Quieting Title—Mortgage on Desert Land Before Patent—Doctrine of After-acquired Title—Estoppel—Pleadings—Liberal Construction — Conclusions of Law — Admissions—Appeal—Theory of Case.*

Pleadings—Construction must be Liberal—What Necessarily Implied to be Taken as Directly Averred.
    1.   Pleadings in civil actions should be liberally construed, and under that rule whatever is necessarily implied in or is reasonably to be inferred from an allegation is to be taken as directly averred.

Same—Conclusion of Law in Answer—Defect Cured by Admission in Reply.
    2.   An alleged conclusion of law in defendant's answer in an action to quiet title, to the effect that plaintiff executed a mortgage "which he secured by real estate mortgage," *held* cured by admission in the reply that plaintiff "did the acts and things alleged to have been done by" her.

Same—Judgment—Entry—What not Conclusion of Law.
    3.   Allegations that the court "entered judgment by a decree duly given and made"; that the sheriff made a certificate of sale to a purchaser at foreclosure sale and thereafter executed to him a deed "in manner prescribed by law," *held* not open to the objections that they were bare conclusions of law.

Appeal—Fact Admissions at Trial—Counsel Bound Thereby on Appeal—Theory of Case.
    4.   Where counsel for appellant prior to trial by admissions made directly and inferentially in his reply and in open court led court and opposing counsel to believe that no question would be raised as to a certain fact, he may not on appeal assert that such fact was not admitted nor proved, but is bound by the theory on which the trial was had.

Mortgages—After-acquired Title Inures to Benefit of Mortgagee—Estoppel.
    5.   The rule declared by section 8255, Revised Codes 1921, that title acquired by the mortgagor after execution of the mortgage inures to the benefit of the mortgagee is based on the doctrine of estoppel.

1.   See 21 Cal. Jur. 53;. 21 R. C. L. 466.
3.   See 21 Cal. Jur. 28.

[82 Mont. 364.]

Same—Public·Lands—Mortgaging Desert Land Entry Before Patent—
Wife of Entryman Signing Note and Mortgage—Subsequent Acqui-
sition of Title by Wife—Doctrine of After-acquired Title Appli-
cable.
    6.  Where the wife joined her husband in executing a promissory
note and a mortgage on the latter's desert entry on which but the
first year's proof had been made, he assuring the mortgagee that he
would secure title but later relinquishing his filing, whereupon the
·wife made entry on the same land and secured patent after sale
thereof on mortgage foreclosure, the mortgagee becoming the pur-
chaser, her after-acquired title inured to the benefit of the successor
in interest of the mortgagee, she, by signing the note having made
the debt her own, thereby becoming liable on the debt for which
the mortgage was given, her contention that she only signed the
mortgage for the purpose of relinquishing her dower interest and
that therefore her signature to the note was without consideration
not being maintainable.

Same—Validity of Mortgage—Estoppel.
    7.  A mortgagor of land embraced in a desert land entry who
assured the mortgagee that he would secure title, then incomplete,
and thereafter relinquished his claim, and his wife, who signed the
note and mortgage securing it and, after relinquishment, filed on
the same land, were estopped, in an action to quiet title by the
wife against the mortgagee's successor in interest, from denying
the validity of the mortgage lien or defeating its enforcement in
reliance on conditions brought about by their own acts.

Same—On Desert Entry Before Patent Valid.
    8.  A mortgage on land held under a desert land entry, executed
before issuance of patent, is valid.

Same—Effect of Foreclosure Decree Under Doctrine of After-acquired
Title.
    9.  Under section 8255, Revised Codes 1921, relating to after-
acquired title, a decree on mortgage foreclosure in effect directs the
sale of the estate of the mortgagor in the mortgaged premises then
vested in him or which should at any time thereafter come to him,
and the sheriff's deed delivered to the purchaser operates to trans-
fer the estate so directed to be sold.

[1–3]  Pleading, 31 Cyc., p. 64, n. 13, 15, p. 79, n. 4, p. 80, n. 5,
p. 716, n. 58.
    [4]  Appeal and Error, 4 C. J., sec. 2609, p. 701, n. 49.
    [5]  Mortgages, 41 C. J., sec. 395, p. 479, n. 81.
    [6]  Estoppel, 21 C. J., sec. 59, p. 1084, n. 56.
    [7]  Estoppel, 21 C. J., sec. 43, p. 1078, n. 1.
    [8]  Public Lands, 32 Cyc., p. 1076, n. 35.

*Appeal from District Court, Pondera County; John J.
Greene, Judge.*

    6.  See 17 Cal. Jur. 842.
    7.  Estoppel to deny validity of mortgage executed by entryman
before patent, see note in 41 A. L. R. 949.

ACTION by Rosie Grasswick against Randolph H. Miller. Judgment for defendant and plaintiff appeals. Affirmed.

Messrs. Arnot & Doyle, for Appellant, submitted an original and a reply brief; Mr. C. A. Spaulding, of Counsel, argued the cause orally.

Admissions: An admission of a conclusion of law is of no effect. (31 Cyc. 90, par. 2.) "Mere unguarded expressions of counsel or ambiguous statements are not to be taken as admission of fact." (Tevis v. Ryan, 13 Ariz. 120, 108 Pac. 461.) "Only where the so-called statement of counsel is distinct and formal and made for the purpose of dispensing with formal proof of some act may it be looked to for proof of a fact material to the plaintiff's cause of action." (Simmons v. Harris, 108 Okl. 189, 235 Pac. 508; see, also, Coughlin v. State Bank of Portland, 117 Or. 83, 243 Pac. 78; First State Bank of Keota v. Bridges, 39 Okl. 355, 135 Pac. 378; Brady v. Ratkowsy, 69 Okl. 193, 171 Pac. 717.) Here the statement was not an admission of a fact, but merely a statement of the theory pursued by respondent in his pleas of estoppel. The argument in which the statement was made did not involve the facts in the case, but went to the foundation of respondent's theory.

Pleading conclusions of law: See 31 Cyc. 65, par. 8; Price v. Skylstead, 69 Mont. 453, 222 Pac. 1059; Moran v. Bonynge, 157 Cal. 295, 107 Pac. 312; People v. Lowden, 2 Cal. Unrep. 537, 8 Pac. 66; Wood v. Word's Estate, 137 Cal. 148, 69 Pac. 980; McEntee v. Cook, 76 Cal. 187, 18 Pac. 258.

Doctrine of after-acquired title based on estoppel and estoppel on covenants: "The doctrine of after-acquired title is based upon estoppel." (McDermott M. Co. v. McDermott, 27 Mont. 143, 69 Pac. 715.) That case was decided in 1902, and section 8255, Revised Codes 1921, to the effect that an after-acquired title inures to the mortgagee as security for the debt, and section 6867, Id., in regard to an after-acquired title, were then in force, having been originally passed in 1895 and 1871

[82 Mont. 364.]

respectively. "While a covenant of warranty becomes a basis of legal and equitable remedy upon breach, it also operates by estoppel. Thus, it is said a covenant of warranty operates on after acquired title, not as a fact in passing such interest, but by way of estoppel upon the grantor against its assertion." (7 Cal. Jur. 761.) The covenants in the mortgage were inoperative as far as appellant was concerned. If her covenants were inoperative, then there could be no estoppel, and if there was no estoppel, the doctrine of after-acquired title does not apply.

We contend that the presumption exists that Rosie Grasswick signed the note and mortgage only for the purpose of relinquishing her dower right. (See 21 C. J. 204; *Jarboe* v. *Sevein,* 85 Ind. 496; *Kitchell* v. *Mudgette,* 37 Mich. 81; *Hendricks* v. *Musgrove,* 183 Mo. 300, 81 S. W. 1265.)

Wife not estopped: There is an almost unbroken line of authority to the effect that where a wife joins with her husband in a sale of his land for the purpose of releasing her dower right therein, she is not estopped either by the covenants in the deed or from setting up an after-acquired title. (30 C. J. 775; *Gilmer* v. *Poindexter,* 10 How. (U. S.) 257, 13 L. Ed. 411; *Sanfords* v. *Kane,* 133 Ill. 199, 24 N. E. 414; *Armor* v. *Frey,* 253 Mo. 447, 161 S. W. 829; *Keady* v. *Martin,* 69 Or. 299, Ann. Cas. 1916A, 798, 137 Pac. 856; *MacDonald* v. *Rothgeb,* 112 Va. 749, Ann. Cas. 1916B, 63, 72 S. E. 692; *Bull* v. *Beisecker,* 16 N. D. 290, 14 L. R. A. (n. s.) 514, 113 N. W. 870; *State* v. *Kemmerer,* 15 S. D. 504, 90 N. W. 150; *Miller* v. *Miller,* 140 Ind. 174, 39 N. E. 547; *Hendricks* v. *Musgrove,* 183 Mo. 300, 81 S. W. 1265; *Mygatt* v. *Coe,* 147 N. Y. 456, 42 N. E. 17.)

No estoppel where grantee had notice. (See *Erickson* v. *Wiper,* 33 N. D. 193, 157 N. W. 592; *Edrington* v. *Jefferson,* 53 Ark. 545, 14 S. W. 99; *Allen* v. *Hance,* 161 Cal. 189, 118 Pac. 527; *Riley* v. *Brown,* 72 Cal. App. 468, 237 Pac. 833; *Thordson* v. *Kruse,* 173 Iowa, 268, 155 N. E. 334; 32 Cyc. 1074, 1075.)

Failure of Ranney to acquire title by virtue of Grasswick mortgage relieves mortgagors of liability to him. (See *Mc-Dermott Min. Co.* v. *McDermott,* supra.) Where an entryman mortgages his entry and the mortgagee thereafter forecloses the mortgage and purchases the property, he becomes the assignee of the entryman. (*United States* v. *Commonwealth Ins. & Trust Co.,* 193 U. S. 651, 48 L. Ed. 830, 24 Sup. Ct. Rep. 546.) When Ranney took the mortgage he knew the status of the property and was charged with knowledge of the frailty of his title (32 Cyc. 1074 and 1075), and was therefore charged with the duty to protect it.

*Messrs. Cooper, Stephenson & Hoover* and *Mr. Robert O. Kerr,* for Respondent, submitted an original and a supplemental brief; *Mr. Kerr* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Appeal from a judgment and decree in favor of defendant, in an action brought by plaintiff to quiet title in her to certain lands in Pondera county.

Plaintiff commenced action to quiet title to a tract of land described in her complaint, of which she therein alleged she is the "owner in fee and in possession"; her complaint further alleges that defendant claims an interest in the land, which claim is without right.

Defendant answered, denying plaintiff's assertion of ownership, and alleging that he is the holder of the fee-simple title to the land described in the complaint. He sets up a number of alleged special defenses, which, as a whole, amount only to the following allegations: That in 1910 the plaintiff, with her husband, Emil Grasswick, "made, executed, and delivered to one Ebenezer G. Ranney their certain promissory note in the sum of * * * $3,500, * * * which they secured by a real estate mortgage upon the property described in the complaint," which mortgage contains the usual covenants

of seisin; that the mortgagors failed to pay the note when due, and Ranney "foreclosed the mortgage and purchased the property at foreclosure sale," and thereafter "in the manner prescribed by law" received a sheriff's deed to the property in the year 1915. It is then alleged in one of the special defenses, that thereafter the property was transferred to defendant, and in another it is alleged that Ranney died in 1925, and, by proceedings regularly had, Homer H. Jones was regularly appointed executor of the estate, letters issued, and Jones duly qualified, and that in 1926, "by proceedings regularly had in the district court," the property was sold to defendant. The special defenses allege "that, by reason of the convenants of said mortgage, * * * the plaintiff * * * is estopped from asserting any right, title, or interest whatsoever in the property described in the complaint," and again "that, by virtue of said judgment and decree, and said sheriff's sale, this plaintiff * * * is estopped from asserting any right, title, or interest in the property as against this answering defendant."

Plaintiff replied at length to the several special defenses set up, but the effect of the reply is merely to admit the allegations made concerning the note and mortgage, deny that plaintiff is in any manner estopped from asserting her title, and that defendant is the owner of the fee, to admit all other allegations made by failure to deny the same, and to seek to avoid their effect by alleging that, at the time the mortgage was given, Emil Grasswick held the land in question under a desert land entry on which he had made but the first annual proof, which fact was known to the mortgagee; that the loan was made to Emil Grasswick alone, and the plaintiff signed the mortgage only as his wife for the purpose of relinquishing her inchoate right of dower in the land described; that it was understood by all of the parties to the transaction that such was the sole purpose of her act, and no consideration was paid to her therefor.

It is alleged in the reply that, after the execution of the mortgage, Grasswick relinquished his filing to the government, and plaintiff thereafter filed upon the land as a desert entry, and secured patent thereunder in 1921, and that at the time of the foreclosure proceedings the land was a part of the public domain.

Issue being joined, the matter was called up for trial before the court sitting without a jury, and thereupon counsel for defendant moved for judgment on the pleadings. A discussion of the pleadings followed, in which counsel for plaintiff admitted that plaintiff executed and delivered the note and mortgage, and counsel for defendant admitted that the mortgagee knew that Grasswick did not have title to the land at the time the mortgage was executed, but held merely under his desert land entry on which he had made but the first annual proof, and that plaintiff secured patent in 1921 and had not since parted with title. The court then, in reviewing the pleadings for the purpose of determining whether only questions of law were presented, stated that plaintiff had admitted the execution of the mortgage, whereupon her counsel denied that such an admission had been made, and asserted that the plaintiff had only admitted the allegation that the note was executed by plaintiff and her husband, "which they secured by a real estate mortgage." Counsel for defendant thereupon announced that they might as well go to trial, and the trial proceeded. Plaintiff rested on the admission that she held the land under patent. At the outset, plaintiff objected to the introduction of any testimony on the part of defendant, on the ground that the facts alleged in the answer do not constitute a defense, which motion was overruled.

Over the objection of plaintiff, the mortgage and the judgment-roll in the foreclosure proceeding of *Ranney* v. *Grasswick et al.* were admitted in evidence. It was shown that at the time the mortgage was executed Emil Grasswick agreed to secure patent to the land, but thereafter, within a year, relinquished to the government, and plaintiff filed upon the land as a

desert entry prior to the foreclosure proceedings, and that the
Grasswicks defaulted in their payments prior to those pro-
ceedings. It further appears that the mortgage included
lands other than those described in the complaint, and to
which Grasswick had full title.

On rebuttal, Emil Grasswick testified that plaintiff had no
interest in the land in question at the time the mortgage was
executed, except such right as a woman has in her husband's
property. After the answer was given, an objection was in-
terposed to the question and sustained, but no motion to
strike the testimony was made. Plaintiff then sought to show
that Emil Grasswick received all of the $3,500 loan, by ques-
tion and offer of proof, but the testimony was ruled out by
the court. Plaintiff then rested.

On the pleadings and the facts disclosed in the testimony,
the court made findings against plaintiff and in favor of de-
fendant on all questions involved in the action, and thereupon
entered its judgment and decree quieting title to the land in
question in the defendant. Plaintiff moved for a new trial,
which motion was overruled. Plaintiff has appealed from
the judgment, and herein makes four assignments of error,
which will be discussed in the order presented in argument.

1. The first specification of error challenges the validity
of the judgment on the ground that the answer does not
allege facts sufficient to constitute a defense. In support of
this specification, it is not contended that any vital fact is
omitted from the allegations set out, but it is asserted that
many of those allegations are of conclusions of law and not of
facts from which the conclusions might be drawn.

Counsel first urge that the allegation that plaintiff and her
[1-3] husband executed the note "which they secured by
real estate mortgage" does not allege the fact that plaintiff
executed and delivered the mortgage, but merely alleges the
conclusion of the pleader, and that the admission of a con-
clusion of law is of no effect, citing 31 Cyc. 90, par. 2. It
is further urged that this alleged defective pleading was not

aided by the admission of counsel in open court to the effect
that plaintiff did execute and deliver the mortgage, as, under
the circumstances recited above, the admission was not made
formally for the purpose of dispensing with formal proof.
Be that as it may, in addition to the formal admission of the
reply, that pleading set up affirmatively that plaintiff "did
the acts and things as alleged to have been done by her"
for the purpose of waiving her inchoate right of dower.   This
allegation can only refer to the execution and delivery of the
mortgage, and is, in itself, a sufficient admission of its execu-
tion and delivery to cure the alleged defect in the answer.

It is next asserted that the allegations of the third defense,
that the mortgage was foreclosed, and in the fourth defense,
that in the foreclosure proceeding "the court entered judg-
ment by a decree duly given and made," are but conclusions
of law.  As to this allegation it is said that the essential fact
sought to be pleaded is the entry of the judgment, and the
remainder of the quotation is but a prepositional phrase, and
that therefore the allegation does not state that the judgment
was duly given and made.

We consider this argument too technical to be followed un-
der our present liberal statutes of pleading.  Section 9169,
Revised Codes of 1921, provides that, in pleading a judgment,
"it * * * may be stated to have been duly given or
made."  The pleader was evidently attempting to apply the
section to the setting up of a decree under the mistaken pre-
sumption that a decree was other than a judgment.  Under
the above statute the foreclosure decree was sufficiently pleaded.

It is further contended that the allegations that the sheriff
made a certificate of sale to Ranney and thereafter executed
to him a sheriff's deed "in manner prescribed by law," and
thereafter the property was transferred to the defendant, are
but conclusions of law, and are insufficient to raise an issue
of fact, although admitted.

Defendant was but deraigning his title, already pleaded, for
the purpose of preparing a foundation for the plea of estop-

pel, and again, under our liberal statutes on pleading, we consider the allegations sufficient for the purpose for which they were made. "It is the policy of our Practice Act that the most liberal rules of construction should be applied to pleadings in civil actions. Indeed, the rule is now established in this jurisdiction that 'whatever is necessarily implied in, or is reasonably to be inferred from, an allegation, is to be taken as directly averred.'" (*Woodward* v. *Melton,* 58 Mont. 594, 194 Pac. 154; *Buhler* v. *Loftus,* 53 Mont. 546, 165 Pac. 601.)

2. It is next asserted by specification of error and in [4] argument that no evidence was introduced which would warrant the court's findings in favor of defendant's title to the land in question.

Aside from the admissions made directly and inferentially in the reply and those made in open court prior to the trial, at the outset counsel for plaintiff led the court and opposing counsel to assume that no testimony would be required on the point now raised, by stating that the question involved in the issues joined was as to the rights and liabilities of the plaintiff under the mortgage and the applicability of the doctrine of "after-acquired title" to the situation presented by the pleadings; counsel advised the court that, "as near as I can see, it is merely a question of law, with the exception of one or two slight questions of fact." These "slight" questions of fact, as outlined by counsel, were as to whether plaintiff signed the mortgage, as to whether she secured patent to the land in question, and whether the mortgagee knew, at the time the mortgage was executed, that Grasswick did not have title to the land in question. Having failed to agree upon these alleged disputed facts, the parties went to trial on the theory that those were the only facts in dispute and requiring proof, and we are of the opinion that such assumption was justified by the condition of the pleadings and the statements of counsel concerning them. Under these circumstances, the plaintiff may not now be permitted to say that, technically,

the larger controlling facts in the case were neither admitted nor proved on the trial, but is confined to the questions of law presented to the trial court on the admitted and assumed facts laid before that court.

3. It is contended that defendant did not properly allege estoppel by the mortgage; but a careful examination of the allegations of the answer convinces us that there is no merit in this contention.

4. The real question presented is as to whether the plaintiff is estopped from asserting title to the land in question under the following circumstances:

In 1910 Emil Grasswick held the land in question under a desert land entry on which he had made but the first year's proof. He applied to Ranney for a loan of $3,500 on this land and other lands. The fact that Grasswick held this land under the above circumstances was known to Ranney, but Grasswick agreed that he would prove up and secure title to the land. Ranney made the loan, and Grasswick and his wife, this plaintiff, executed and delivered to Ranney their promissory note for $3,500 and a mortgage on the lands to which Grasswick held title and the land which is the subject of this action. In violation of his agreement, Grasswick relinquished his filing on this land to the government within a year after the mortgage was executed, and thereafter this plaintiff filed thereon as a desert land entry, and the title was in that condition in 1915, when, by reason of the default of the mortgagors, Ranney foreclosed his mortgage.

In the foreclosure proceedings, Mrs. Grasswick sought to have the land in controversy excluded from the decree of foreclosure, by reason of her filing, but without success. Ranney secured a decree of foreclosure and order of sale, and the land was purchased by him at sheriff's sale; no redemption was had, and a sheriff's deed was executed to him. Thereafter, in 1921, plaintiff secured patent, and in 1926 defendant succeeded to all the rights of Ranney.

Section 8255, Revised Codes of 1921, provides that "title
[5] acquired by the mortgagor subsequent to the execution
of the mortgage inures to the mortgagee as security for the
debt, in like manner as if acquired before the execution."
This doctrine of the passing of after-acquired title is based
on estoppel. (*McDermott Mining Co.* v. *McDermott,* 27 Mont.
143, 69 Pac. 715.)

There could be no question of the applicability of the above
section had the husband, Emil Grasswick, acquired title to
the land in question at any time after the execution of the
mortgage and before foreclosure, as he had a mortgageable
interest in, and was in possession of, the land when he exe-
cuted the mortgage. (*Selway* v. *Daut,* 67 Mont. 262, 215
Pac. 646.) But counsel for plaintiff contend that, as she had
but an inchoate right of dower and signed the mortgage merely
for the purpose of relinquishing the same, the above statute
does not apply to her after-acquired title, as "a mere pos-
sibility, not coupled with an interest, cannot be transferred"
(sec. 6838, Rev. Codes 1921), and it is only those interests
capable of being transferred that can be mortgaged (sec.
8262, Id.), and therefore plaintiff was not a "mortgagor,"
citing *Marcellus* v. *Wright,* 51 Mont. 559, 154 Pac. 714, and
*State ex rel. Harnden* v. *Crawford,* 58 Mont. 72, 189 Pac. 1119.

In the *Marcellus Case* it is held that a wife cannot redeem
from foreclosure, as she is neither "the judgment debtor" nor
a "redemptioner," within the meaning of the statute author-
izing redemption. (Sec. 9443, Rev. Codes 1921.) This rule
is followed in the *Harnden Case.*

The above contention might have merit had plaintiff signed
only the mortgage, but she executed the note given for which
the mortgage was executed as security, and thereby "made
the debt her own" (*Sandwich Mfg. Co.* v. *Zellmer,* 48 Minn.
408, 51 N. W. 379), and thereby became one of the "debtors"
on the debt for which the mortgage was given.

The question presented and determined in the cases cited
by plaintiff was not whether the wife, by signing the mortgage,

became a mortgagor, but merely as to whether, under special statutory authority, she could redeem.

However, a mortgagor is "he who makes a mortgage" [6] (Bouvier's Law Dictionary), and the plaintiff, who assumed personal liability for the debt attempted to be secured by the mortgage, became a mortgagor within the meaning of section 8255, above. In *Lohman State Bank* v. *Grim,* 69 Mont. 444, 222 Pac. 1052, this section was held to estop the wife of Grim under circumstances wherein the equities of the wife were much stronger than those of this plaintiff, and under fact conditions analogous to those of the present case, except that the filing made was under the Homestead Act instead of the Desert Land Act.

Counsel for plaintiff, however, assert that the Grim decision is not controlling, as under the Homestead Act the wife has the right to perfect title in case of the death of the husband and has an inchoate right of dower, while in the case of a desert entry she has no such rights; but the decision in the Grim Case is not restricted by reason of this distinction, as it is there said: "If Grim had been a mere squatter upon the public land, afterward obtaining title under the Homestead Act, a like result would be reached. And Rosie Grim, co-signer of the note and mortgage, is in no better position." This declaration is in accordance with the rule that a mortgage is not void as a contract between the parties, even though at the time of its execution the mortgagor had neither title nor possession of the premises mortgaged, but attaches to any title the mortgagor subsequently acquires. (17 Cal. Jur., sec. 129, p. 842.)

We are mindful of the fact that, as stated in a note to *Keady* v. *Martin* (69 Or. 299, 137 Pac. 856), in Ann. Cas. 1916A, 798, and as shown by numerous cases cited by counsel for plaintiff, the majority rule is that a wife, signing her husband's conveyance or mortgage, for the purpose of relinquishing her inchoate right of dower, is not estopped by the covenants thereof from asserting an after-acquired title; but those

decisions are based upon the old common-law rule that coverture disables a woman from contracting, while the minority rule stated prevails in those states wherein, as in this state, married women have been fully emancipated, and now enjoy all the rights and privileges of a man, and may contract either separately or jointly with the husband, as freely as a *feme sole.* (2 Jones on Mortgages, 8th ed., 149, sec. 841.)

Many of the majority decisions contain the significant statement that the wife is not estopped from setting up subsequent title "acquired by her own means." Herein there is no evidence that plaintiff even met that requirement to the extent of financing the work required on her desert entry. But it is immaterial under the so-called "minority rule" to which we are committed by the *Grim Case,* whether the wife acquired the property by her own means or otherwise, as the decisions declaring the latter rule are based upon her emancipation and power to contract. (*George* v. *Brandon,* 214 Pa. 623, 64 Atl. 371. See, also, *Gates* v. *Card,* 93 Tenn. 334, 24 S. W. 486; *Yerkes* v. *Hadley,* 5 Dak. 324, 2 L. R. A. 363, 40 N. W. 340; *Hill* v. *West,* 8 Ohio, 222, 31 Am. Dec. 442; *Knight* v. *Thayer,* 125 Mass. 25; *Parsons* v. *Little,* 66 N. H. 339, 20 Atl. 958.)

Having made the debt her own and entered into a contract for its security, under the provisions of section 8255, above, any title thereafter acquired by plaintiff inured to the mortgagee.

5. It is next contended that the fact that the mortgagee [7] had notice that Grasswick did not have full title to the land in question abrogates the rule above announced.

Counsel cite authorities to the effect that constructive fraud underlies the doctrine of equitable estoppel, and that, where the grantee has knowledge or notice, he is not misled to his prejudice. The rule here invoked is not that of equitable estoppel, but is based upon a positive statutory provision, which contains no exceptions; and further, in answer to the argument made, it appears from the record that, although the

mortgagee was advised that the mortgagors did not have title to the land, that advice was coupled with the promise and assurance that Grasswick would proceed to perfect his title, which title was guaranteed by both signers of the note and mortgage. Having thus attempted to create a lien upon the land, which could have been perfected by fulfilling the promise made, these mortgagors are estopped from denying the validity of that lien or defeating its enforcement by their own acts. (*Kir-Kaldie v. Larrabee*, 31 Cal. 457, 89 Am. Dec. 205.)

6. Counsel for plaintiff, however, argue that the title acquired by plaintiff after the foreclosure decree cannot inure to the mortgagee, as the mortgage was at an end and merged in the judgment, citing *Union Central Life Ins. Co., v. Jensen*, 74 Mont. 70, 237 Pac. 518, and that by the foreclosure proceedings the mortgagee became an assignee of the plaintiff's desert entry, and should have proceeded to perfect his title and secure patent to himself, but that, as the mortgagee was a nonresident, he could not have done so, and therefore the assignment was void, and he secured nothing. In connection with this argument counsel cite numerous cases from other jurisdictions, to the effect that public lands, title to which is still in the United States, cannot be conveyed or mortgaged, as the holder cannot put another in possession. All of the authorities cited are beside the question here. In this state it is well established that a mortgage on such lands is valid. (*Lohman State Bank* v. *Grim, supra; Stockmen's National Bank* v. *Sutherland*, 71 Mont. 457, 230 Pac. 369.)

On the question directly presented by this argument, it is generally held that foreclosure of the mortgage does not affect the situation of the parties or the force of the covenants contained in the mortgage, and title obtained by the mortgagor after foreclosure inures to the benefit of the purchaser at foreclosure sale. (See extensive note in L. R. A. 1918B, at page 769.)

In *Vallejo Land Assn.* v. *Viera*, 48 Cal. 572, it is said that, as under the statute concerning after-acquired title the mort-

[82 Mont. 364.]

gagor mortgages not only the estate which he then holds in the land, but all the estate which he might thereafter acquire, the decree of foreclosure is, in effect, a decree directing the sale of the estate of the mortgagor in the premises then vested in him or which should at any time thereafter come to him, and that a sheriff's deed delivered to the purchaser operated to transfer the estate so directed to be sold. In approving that decision, the supreme court of California, in the case of *Orr* v. *Stewart,* 67 Cal. 275, 7 Pac. 693, said that ''the relation of the mortgagor is 'one which requires him to preserve the property for the purpose of the security for which it was originally pledged; and hence, to insure good faith and fair dealing, he is forever precluded from denying the existence of the lien which he has attempted to create, or defeating its enforcement against the property upon which it was placed.' ''

It follows that the foreclosure of the Ranney lien was not merely an assignment of the then estate which plaintiff had in the land, but was a transfer by sheriff's deed of that estate and any estate which she might thereafter acquire in the land. The validity of her patent, or her right to the issuance thereof, could not be questioned, but, upon receipt of the patent, the title which she thereby acquired in the land immediately inured to the defendant, as successor in interest of Ranney.

For the reasons stated, the judgment must be and is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and GALEN concur.